Hozubin, Moberly, Lynch & Associates
An Association of Professional Corporations
711 M Street, Suite 2, Anchorage, Alaska 99501
P: 907.276.5297  F: 907.276.5291

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

| | |
|---|---|
| WILLIAM R. LARSON, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ALASKA AIR NATIONAL GUARD; ) <br> OFFICE OF THE ADJUTANT GENERAL; ) <br> STATE OF ALASKA, DEPARTMENT ) <br> OF MILITARY & VETERANS AFFAIRS; ) <br> VERN CORDELL; KEVIN BROWN; and ) <br> SCOTT CONIGLIO, ) <br> ) <br> Defendants. ) | Case No. 3AN-14-10749 CI |

## COMPLAINT

COMES NOW plaintiff, William R. Larson, by and through his counsel of record, Hozubin, Moberly, Lynch & Associates, and complains and alleges against the defendants, and each of them, as follows:

1. Plaintiff is a resident and inhabitant of the State of Alaska, Third Judicial District.

2. According to plaintiff's best information and belief, defendant Vern Cordell is a resident and inhabitant of the State of Alaska, Third Judicial District.

3. According to plaintiff's best information and belief, defendant Kevin Brown is a resident and inhabitant of the State of Alaska, Third Judicial District.

4. According to plaintiff's best information and belief, defendant Scott Coniglio is a resident and inhabitant of the State of Alaska, Third Judicial District.

5. Defendants Alaska Air National Guard, the Office of the Adjutant General, and the State of Alaska, Department of Military and Veterans Affairs, conduct business in Alaska.

6. All events relevant to the causes of action of this Complaint occurred in the Third Judicial District.

7. William Larson was a member of the Alaska Air National Guard for 26 years. During the time of the events relevant to the causes of action of this Complaint, Mr. Larson was a dual status (military and civilian) National Guard technician.

8. On or around December 10, 2012, Mr. Larson returned to work at Joint Base Elmendorf Richardson (JBER) after having reconstructive surgery on his right foot/ankle to correct a prior injury. His foot was in a cast, and he had to use crutches. He was on mandatory light duty status for two months following his surgery. Because of his light duty status, he requested to be placed in the Aircraft Maintenance Complex (AMC) for desk duty. The AMC had a safety handicap ramp from the parking lot to the building. Instead, his supervisor, Kevin Brown, placed him in Hangar 18, which required traversing 165 yards through water, snow, ice, and de-ice fluid to get to his

Complaint
LARSON v. ALASKA AIR NATIONAL GUARD et al.
Page 2

Case 3:15-cv-00028-SLG   Document 1-1   Filed 02/24/15   Page 2 of 9

office. It also required walking up and down flights of stairs with his crutches. Brown dismissed Mr. Larson's request to move to AMC. Mr. Larson's commander, Scott Coniglio, approved this dismissal.

9. On or around December 13, 2012, Mr. Larson slipped and fell on water, snow, ice, and de-ice fluid while walking to his designated work area. The resulting post-traumatic injury destroyed the ankle stabilization surgery, fractured the foot bone, and partially tore the screws out from the bone. Despite the re-injury to Mr. Larson's foot and ankle, his supervisors, Vern Cordell, Kevin Brown, and Scott Coniglio, continued to require him to traverse the difficult weather conditions for the remainder of the winter.

10. Mr. Larson's re-injury caused him to miss several days of work during the winter of 2013. He also missed several drill weekends due to his injury. Beginning in May 2013, Cordell, Brown, and Coniglio began encouraging Mr. Larson to voluntarily resign from his job. On May 15, 2013, Mr. Larson removed the cast and his doctor determined that the damage to his foot and ankle was permanent.

11. Cordell, Brown, and Coniglio called Mr. Larson's doctor's office and impersonated him in order to retrieve information on the severity of his injury. They issued him non-

Complaint
LARSON v. ALASKA AIR NATIONAL GUARD et al.
Page 3

Hozubin, Moberly, Lynch & Associates
An Association of Professional Corporations
711 M Street, Suite 2, Anchorage, Alaska 99501
P: 907.276.5297  F: 907.276.5291

participation letters for voluntarily failing to attend drill weekends even though he could not physically perform these activities. They further issued him a proposed 15-day suspension without pay for taking time off work to heal. They further issued him a letter of reprimand for failure to perform the physical training test even though he could not physically perform this duty and had proper documentation stating as much.

12. On October 4, 2014, Mr. Larson was discharged from the National Guard because he was medically unfit to continue military service. Mr. Larson will lose his civilian National Guard technician position pending review of his disability retirement application. His last day is scheduled to be December 12, 2014.

13. Because of the permanent damage to his foot and ankle, Mr. Larson no longer has the same quality of life. He is unable to longer enjoy the outdoor activities he became accustomed to growing up in Alaska.

## COUNT I
### NEGLIGENCE

14. Plaintiff hereby realleges and incorporates paragraphs 1 through 13 of this Complaint into this first cause of action.

15. Defendants owed a duty to observe plaintiff's light duty work status after returning to work from surgery. Defendants breached this duty by failing to provide plaintiff

Hozubin, Moberly, Lynch & Associates
An Association of Professional Corporations
711 M Street, Suite 2, Anchorage, Alaska 99501
P: 907.276.5297  F: 907.276.5291

Complaint
LARSON v. ALASKA AIR NATIONAL GUARD et al.
Page 4
Case 3:15-cv-00028-SLG   Document 1-1   Filed 02/24/15   Page 4 of 9

with reasonable working conditions, by forcing plaintiff to traverse 150 yards of snow and ice while requiring the use of crutches, and by continuing to force plaintiff to work under these conditions after his initial slip and fall.

16. As a result of defendants' negligence in breaching this duty, plaintiff incurred permanent injury of his foot/ankle; medical expenses in the past, present, and future; past, present, and future non-economic damages including physical and emotional pain and suffering; loss of full enjoyment of life; and other damages to be proven at trial.

## COUNT II
### INTENTIONAL/NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

17. Plaintiff hereby realleges and incorporates paragraphs 1 through 16 of this Complaint into this second cause of action.

18. Defendants owed a duty to observe plaintiff's light duty work status after returning to work from surgery. Defendants breached this duty by failing to provide plaintiff with reasonable working conditions, by forcing plaintiff to traverse 150 yards of snow and ice while requiring the use of crutches, and by continuing to force plaintiff to work under these conditions after his initial slip and fall.

19. Defendants' breach of the duty owing to plaintiff amounts to extreme and outrageous conduct. Defendants intentionally, recklessly, or negligently breached this duty.

Complaint
LARSON v. ALASKA AIR NATIONAL GUARD et al.
Page 5
Case 3:15-cv-00028-SLG   Document 1-1   Filed 02/24/15   Page 5 of 9

Hozubin, Moberly, Lynch & Associates
An Association of Professional Corporations
711 M Street, Suite 2, Anchorage, Alaska 99501
P: 907.276.5297  F: 907.276.5291

20. As a result of defendants' intentional, reckless, and/or negligent breach of this duty, plaintiff has suffered severe emotional distress.

## COUNT III
### TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIP

21. Plaintiff hereby realleges and incorporates paragraphs 1 through 20 of this Complaint into this third cause of action.

22. Plaintiff had an employment contract with the Air National Guard as a dual status National Guard technician.

23. Defendants knew of this employment contract and intended to and did induce breach through their wrongful conduct toward plaintiff.

24. Defendants' conduct toward plaintiff was not privileged or justified.

25. As a result of defendants' conduct, plaintiff incurred the loss of his employment with the National Guard, and other damages to be proven at trial.

## COUNT IV
### HOSTILE WORK ENVIRONMENT
### (VIOLATION OF AS 18.80.220)

26. Plaintiff hereby realleges and incorporates paragraphs 1 through 25 of this Complaint into this fourth cause of action. Defendants owed a duty to supervise plaintiff's supervisors.

27. Defendants subjected plaintiff to what a reasonable person would perceive as a hostile or abusive work environment.

Complaint
LARSON v. ALASKA AIR NATIONAL GUARD et al.
Page 6

Case 3:15-cv-00028-SLG   Document 1-1   Filed 02/24/15   Page 6 of 9

Hozubin, Moberly, Lynch & Associates
An Association of Professional Corporations
711 M Street, Suite 2, Anchorage, Alaska 99501
P: 907.276.5297   F: 907.276.5291

Plaintiff perceived the environment as abusive. Defendants' conduct has forced plaintiff's premature discharge from the National Guard and caused the loss of his National Guard civilian technician position.

## COUNT V
### VIOLATION OF PRIVACY ACT (5 U.S.C. § 552a)

28. Plaintiff hereby realleges and incorporates paragraphs 1 through 27 of this Complaint into this fifth cause of action. The Alaska Air National Guard, the Office of the Adjutant General, and the State of Alaska, Department of Military & Veterans Affairs, owed a duty to supervise plaintiff's supervisors.

29. Defendants Vern Cordell, Kevin Brown and Scott Coniglio violated the Privacy Act when they impersonated plaintiff to obtain his medical records without his consent.

## COUNT VI
### VIOLATION OF REHABILITATION ACT (29 U.S.C. § 794)

30. Plaintiff hereby realleges and incorporates paragraphs 1 through 29 of this Complaint into this sixth cause of action.

31. Plaintiff was a person with a disability due to his initial reconstructive surgery in the fall/winter of 2012.

32. After that surgery, plaintiff could not perform the major life activity of walking without the aid of crutches.

Hozubin, Moberly, Lynch & Associates
An Association of Professional Corporations
711 M Street, Suite 2, Anchorage, Alaska 99501
P: 907.276.5297  F: 907.276.5291

Complaint
LARSON v. ALASKA AIR NATIONAL GUARD et al.
Page 7
Case 3:15-cv-00028-SLG   Document 1-1   Filed 02/24/15   Page 7 of 9

33. In forcing plaintiff to traverse 150 yards through inclement conditions while wearing a cast and using crutches, defendants failed to provide plaintiff with reasonable accommodations. Defendants could have provided reasonable accommodation without undue hardship to them.

34. As a result of defendants' violation of the Rehabilitation Act, plaintiff incurred permanent injury of his foot/ankle; medical expenses in the past, present, and future; past, present, and future non-economic damages including physical and emotional pain and suffering; loss of full enjoyment of life; and other damages to be proven at trial.

## COUNT VII
## NEGLIGENT SUPERVISION

35. Plaintiff hereby realleges and incorporates paragraphs 1 through 34 of this Complaint into this seventh cause of action.

36. The Alaska Air National Guard, the Office of the Adjutant General, and the State of Alaska, Department of Military & Veterans Affairs, owed a duty to supervise plaintiff's supervisors. Defendants breached this duty by failing to supervise plaintiff's supervisors.

37. As a result of defendants' negligence in breaching this duty, plaintiff incurred permanent injury of his foot/ankle; medical expenses in the past, present, and future;

Hozubin, Moberly, Lynch & Associates
An Association of Professional Corporations
711 M Street, Suite 2, Anchorage, Alaska 99501
P: 907.276.5297  F: 907.276.5291

Complaint
LARSON v. ALASKA AIR NATIONAL GUARD et al.
Page 8
Case 3:15-cv-00028-SLG   Document 1-1   Filed 02/24/15   Page 8 of 9

past, present, and future non-economic damages including physical and emotional pain and suffering; loss of full enjoyment of life; and other damages to be proven at trial.

**WHEREFORE**, plaintiff prays for judgment in his favor against defendants, and each of them, for the following:

1. Compensatory damages to be proven at trial in a sum within the jurisdiction of the superior court for the State of Alaska;

2. For punitive damages;

3. For pre-judgment and post-judgment interest, costs, and attorney fees; and

4. For any other relief this Court deems just and equitable.

DATED this 11th day of December 2014.

HOZUBIN, MOBERLY, LYNCH & ASSOCIATES
Attorneys for Plaintiff
William R. Larsen

By: _____
Gregory J. Dudek
AK Bar No. 1011075

Hozubin, Moberly, Lynch & Associates
An Association of Professional Corporations
711 M Street, Suite 2, Anchorage, Alaska 99501
P: 907.276.5297  F: 907.276.5291

Complaint
LARSON v. ALASKA AIR NATIONAL GUARD et al.
Page 9
Case 3:15-cv-00028-SLG   Document 1-1   Filed 02/24/15   Page 9 of 9